JOHN WADDLE *et al.*

*v.*

DAVID DUNCAN, use of, etc.

1. PENAL STATUTE—*construction of.* Strict construction must be given to penal statutes. All facts necessary to constitute an affirmative case in providing for their violation must be set out and proved.

2. Thus, when the statute authorizes suit to be brought by an elector of a town for obstructing a highway, the fact that the party suing is an elector must be shown, and will not be presumed.

3. A plaintiff, having failed to show that he filled the character of an elector of the town, made no title to the penalty, nor shows any right to sue for it.

4. ADMISSION—*plea in abatement.* When an informer is required to sustain a particular character, and fails to make it out, such character will not be taken as admitted, although no objection or plea in abatement is interposed.

APPEAL from the Circuit Court of Christian county; the Hon. H. M. VANDEVEER, Judge, presiding.

This was an action of debt, brought before a justice of the peace by David Duncan, who sued as well for himself as for the town of May, against John Waddle and Josiah Waddle, to recover the penalty provided by statute for obstructing a public highway. See Laws of 1861, page 264, section 97, which provides that "the same may be sued for by any elector of the town, in an action *qui tam,* one half of the amount to be paid to the person who shall sue therefor, and the other half to the town."

The verdict was for the defendants, and the prosecutor appealed to the circuit court. Evidence was offered to show the establishment of the road in question, which was met by evidence tending to show that the proceedings were irregular, and that the road had been abandoned prior to the alleged obstruction. Objections to testimony were made on both

sides and exceptions taken to the rulings of the court. It does not appear that any reference was made, or proof offered, either before the magistrate or in the circuit court, in support of the statutory requirement that the suit should be brought by an elector of the town. Upon trial before a jury in the circuit court, the defendants were found guilty, and a fine assessed. The defendants moved for a new trial, which motion was overruled and judgment entered on the verdict, and the case comes to this court on bill of exceptions. The points involved in the case are stated in the opinion.

Messrs. STUART, EDWARDS & BROWN, and Messrs. SIMPSON & PEASE, for the appellants.

Messrs. MOULTON & CHAFFEE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a *qui tam* action, brought to recover a penalty for obstructing a public highway. The section of the statute giving this suit, provides, that in case of failure of the town, or of the officer or agent whose duty it is to prosecute, to commence a prosecution for the penalty within 60 days from the time it shall have been incurred, "the same may be sued for by any elector of the town, in an action *qui tam*, one half of the amount received to be paid to the person who shall sue therefor, and the other half to the town." Laws 1861, p. 264, section 97.

This is a penal statute, to be strictly construed. The right to sue depends only on the statute, and the person who alone can bring the suit is designated as an *elector of the town.* The bill of exceptions states that all the evidence is set out, and there is none whatever on this point.

The plaintiff, having failed to show that he filled the character of an elector of the town, made no title to the penalty, nor showed any right to sue for it.

In an action directly upon a statute, or on rights derived from a statute, the party prosecuting must prove every fact necessary to make out his title to the thing demanded, and his competency to sue for it. 1 Blatch. 155; Com. Digest Pleader, C. (76).

The objection is not sufficiently met by the answer, that the question should have been raised in the court below by plea in abatement, or making the objection in some appropriate mode; that the character in which a party sues is admitted unless denied in some legal way.

The proceeding was one commenced before a justice of the peace, where written pleadings are not required, nor in the circuit court on appeal. The suit was not brought by the plaintiff in the character of an elector.

No authority is produced to show that when an informer is required to sustain a particular character, it will be taken as admitted unless denied by plea in abatement, and we do not assent to the proposition.

The objection arises upon the sufficiency of the evidence to make out the cause of action, and we do not regard it as necessary to have objected otherwise. *Town of Lewiston* v. *Proctor*, 27 Ill. 414.

As this view will reverse the judgment, we do not feel called upon to consider the evidence as to its sufficiency in other respects, to sustain the verdict.

Objection is taken to the admission in evidence of the orders for establishing two other roads. But as each of these orders referred to the road in question as an existing one, they were not wholly irrelevant, as they contained evidence tending to show that the county authorities recognized the road in question as a subsisting public road, which is pertinent testimony where the mode resorted to for establishing a highway is by public use and recognition of it by the proper authorities, and by acquiescence.

It is also objected that the court erred in rejecting the testimony offered of the proceedings for the purpose of having

15—63D ILL.

vacated the portion of the road alleged to have been obstructed, and of the order of the highway commissioners vacating the same. We do not now perceive any sufficient reason for the exclusion of the testimony. None has been assigned, except that there had not been a compliance with the township organization law in relation to discontinuing roads, but in what particular is not suggested.

If it be supposed that before it was competent to read this order in evidence, it was necessary to make proof that all the previous steps required by the statute had been taken, we will say, that such has not been the rule of this court, but that it is to be presumed that the antecedent proceedings had been regular, subject, however, to be rebutted by the other party. *Nealy* v. *Brown et al. Co. Comrs.* 1 Gilm. 10; *Town of Lewiston* v. *Proctor*, 27 Ill. 418; *Ferris* v. *Ward et al.* 4 Gilm. 499; *Dumoss* v. *Francis*, 15 Ill. 543.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*