# THE PEOPLE *ex rel.* Matthew N. Escott

*v.*

## JOHN HOFFMAN.

*Filed at Springfield January 28, 1881.*

1. WRIT—*construed as to date.* In issuing a *capias ad respondendum* in 1880 the clerk used a printed blank in use prior to that year, in which the figures 187— were printed. When the clerk filled up the blank he drew his pen over the figure 7 and added the two figures 80, leaving, however, the figure 7 still legible: *Held,* that the writ was to be regarded as dated in 1880 and not in 18780, and, therefore, was not void.

2. BAIL—*statute construed.* The words *capias ad satisfaciendum,* in section 5 of the chapter relating to judgments, decrees and executions, which provides that no execution shall issue against the body except in certain cases, or unless the defendant shall have been held to bail upon a writ of *capias ad satisfaciendum,* as provided by law, etc., are construed to mean *capias ad respondendum,* that being the evident intention of the legislature.

3. CONSTRUCTION OF STATUTES—*disregarding the letter of the statute.* Statutes must be interpreted according to the intent and meaning, and not always according to the letter. A thing within the intention is within the statute, though not within the letter; and a thing within the letter is not within the statute unless within the intention. It is sufficient to warrant a departure from the words of a statute, that to follow them would lead to an absurd consequence.

This was an application in this court, by Matthew N. Escott, for a discharge on writ of *habeas corpus* against John Hoffman, sheriff of Cook county.

Mr. BENJAMIN F. SWAFFORD, for the petitioner.

Messrs. ISHAM & LINCOLN, for the respondent.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition for a writ of *habeas corpus,* brought by Matthew N. Escott, who was imprisoned by John Hoffman, sheriff of Cook county, by virtue of a writ of *capias ad satisfaciendum* issued out of the Superior Court of Cook

county.   It is contended that the writ of *capias ad responden-
dum,* upon which the petitioner was in the first instance
arrested, is void, for the reason that the writ was dated April
10th, "18780," and, being void, all subsequent proceedings
in the case must fall with the void writ.   Upon an inspec-
tion of the original writ, on the hearing, we do not regard the
point well taken.   The blank used by the clerk in issuing
the writ was one which had been printed for use prior to
1880, and, therefore, the three figures "187" were printed
therein, and when the clerk filled up the blank he drew his
pen over the figure "7" and added the two figures " 80," leav-
ing, however, the figure 7 still visible; but it is so apparent
that the figure 7 was erased by the clerk that we can not hold
that the writ was dated April 10th, 18780, but, on the other
hand, the writ shows plain enough that it was dated April
10th, 1880.

The judgment upon which the capias issued in this case
was rendered in an action of assumpsit, recovered under a
declaration containing only the common counts.   No affida-
vit was filed upon which to base a capias after the judgment
was rendered, but the *capias ad satisfaciendum,* upon which
the petitioner was held after the judgment was recovered, was
issued under and by virtue of section 5, chapter 77, R. S.
1874, page 622.   And it is contended by relator that the
capias under which he was held was illegal, because he was
not originally arrested under a *capias ad satisfaciendum,* as
required by the section of the statute *supra.*

Section 5 of the statute is as follows:   "No execution shall
issue against the body of the defendant except when the
judgment shall have been obtained for a tort committed by,
such defendant, or unless the defendant shall have been held
to bail upon a writ of *capias ad satisfaciendum,* as provided by
law, or he shall refuse to deliver up his estate for the benefit
of his creditors."

If this section of the statute is to receive a literal con-
struction, then the position of the relator is correct, but if,

on the other hand, the statute is to be construed in such a way as to give it an intelligent meaning, such as will make common sense, then his position can not be maintained.

A *capias ad satisfaciendum* is defined to be a judicial writ of execution, which issues out on the record of a judgment. And by the writ the sheriff is commanded to take the body of the defendant in execution, and him safely to keep, so that he have his body in court at the return of the writ to satisfy the plaintiff his debt and damages.    Jacob's Law Dictionary, vol. 1, page 394.    There is no such thing known to the law as a defendant being held to bail under a capias of this character; but, on the other hand, it may be regarded as the final process, which imprisons until the judgment is discharged.    When the legislature, therefore, said that no execution shall issue against the body of the defendant * * * unless the defendant shall have been held to bail upon a writ of *capias ad satisfaciendum*, that body did not mean what it said, nor did it intend to say what it did.    But the legislature evidently intended to say, unless the defendant shall have been held to bail upon a writ of *capias ad respondendum*. A capias of this character is a writ commanding the sheriff to take the body of the defendant, if he may be found in his bailiwick or county, and him safely keep, so that he may have him in court on the day of the return to answer to the plaintiff of a plea of debt, trespass, etc., as the case may be. Jacob's Law Dictionary, vol. 1, page 392.    This construction of the statute renders it consistent, harmonious and intelligent, but should it be construed literally as it reads, then no intelligent meaning can be gathered from it.    In the construction of this statute would a court be justified in rejecting one word and inserting another?    In Potter's Dwarris on Statutes, which is regarded as good authority, page 144, it is said : Statutes must be interpreted according to the intent and meaning, and not always according to the letter.    A thing within the intention is within the statute, though not within the letter; and a thing within the letter is not within the

statute unless within the intention. In *Walker* v. *The City of Springfield,* 94 Ill. 364, it was held, that when it becomes necessary to reject one of two words in a statute and to substitute another, to give force to the meaning of the law, it should be that which best effectuates the legislative intention, and the courts should look to the object in view of the law makers. In *County of Perry* v. *County of Jefferson,* 94 Ill. 214, the letter of a statute was disregarded, and the intent followed and allowed to prevail, to obviate an absurd result, and it was there expressly held that it was sufficient authority to warrant a departure from the words of a statute, when to follow them would lead to an absurd consequence. Under the authorities cited, and also upon principle, we are of opinion that in the construction of the section of the statute *supra* the words *ad satisfaciendum* should be rejected, and the words *ad respondendum* should be inserted in their stead.

The relator will be remanded into the custody of the sheriff of Cook county.

*Prisoner remanded.*