PEOPLE OF THE STATE OF ILLINOIS EX REL. H. H.
BEACH ET AL.,

v.

D. M. BLACKWELDER ET AL., HIGHWAY COMMIS-
SIONERS, ETC.

*Construction of Statutes—Omission—Opening of Highways on Township
Lines—Sec. 57, Ch. 121 R. S.—Omission of Words—"Either" Construed as
Meaning "Each"*—Mandamus.

1.   Statutes must be interpreted according to their intent and meaning,
and not always according to their letter.   When the words are not precise,
definite and clear, such construction will be adopted as shall appear most
reasonable and best suited to accomplish the general object of the statute.
Where any particular construction would lead to an absurd consequence, it
will be presumed that some qualification or exception was intended.

2.   Sec. 57, Ch. 121, R. S., attempting to provide for the opening of
roads, " on township or county lines, or from one township into another,"
is defective in that the words " or township " were inadvertently omitted
after the word " county " in the provision requiring the petition to be
" signed by not less than twelve land owners residing in either county with-
in three miles of the road."   In the construction of said section this court
supplies the omitted words, and holds that " either " must be read to mean
" each. "

3.   Upon demurrer to a petition for a writ of *mandamus* to compel the
Commissioners of Highways of the towns of North and South Litchfield
to allot to each of said towns a part of a road along the line dividing
the towns, for its maintenance, and to apportion the expense of locating
the same, it is *held:* That the road in question was not located ac-
cording to law, the requisite number of land owners of each township not
having signed the original petition.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Montgomery County;
the Hon. JESSE J. PHILLIPS, Judge, presiding.

Mr. WILLIAM ABBOT, for appellant.

Mr. J. M. TRUITT, for appellees.

WALL, J.   This was *mandamus*, to compel the Commissioners of Highways of the Township of North Litchfield and South Litchfield, in the County of Montgomery, to allot to each of said towns the part of a road along the line dividing the towns, to be kept open and in repair, and to apportion the expense of locating the road pursuant to Sec. 58, Ch. 121, R. S.

The Circuit Court sustained a demurrer to the petition for *mandamus*, and the only question is as to this ruling.   The point is made that the road was not located according to law. It will be noticed this road runs from east to west along the line dividing the two townships, and the objection is that the requisite number of land owners of each township did not sign the original petitions to the respective Boards of Highway Commissioners praying for the location of the road.   By Section 31, Ch. 121, it is provided that the Commissioners of Highways may lay out a new road upon the petition of land owners, not less than twelve, or two thirds of those residing in such town within two miles of the road so to be laid out.   Section 32 prescribes what the petition shall contain, and by subsequent sections the proceedings of the Commissioners are stated and regulated.

This Section 31 sufficiently provides the mode necessary to initiate the opening of a road wholly within one township.

By Section 57 an effort is made to provide for a road on a township or county line, or from one township into another. That section reads as follows:

"Public roads may be established, altered, widened or vacated *on township* or county lines, *or from one township into another, in the same manner as other public roads*, except that in such case a copy of the petition shall be posted up in and presented to the Commissioners of each town interested; *said petition to be as in other cases, and signed by not less than twelve land owners residing in either county, within three miles of the road* so to be altered, widened, located or laid out; whereupon it shall be the duty of the Commissioners of the several towns to meet and act as one body in the same time and manner as in other cases, in considering the petition, viewing the premises, adjusting damages and making all orders in

reference to such proposed road, alteration, widening or vacation, and a majority of all such Commissioners must concur in all such orders; and a copy of all final orders and plats and papers shall be filed and recorded in each of the counties and towns interested."

The difficulty arises upon the construction of this section. It is evident that there is an omission, or that there is, by inadvertence, an insertion of words not intended. The section undertakes to provide for a road on a township or county line, or from one township to another, and declares they shall be established in the same manner as other public roads, except that a copy of the petition shall be posted up in and presented to the Commissioners of each town interested—the petition to be as in other cases, and signed by not less than twelve land owners residing in either county, within three miles of the road. This clause, "signed by not less than twelve land owners residing in either county, within three miles of the road," by its position in the sentence, qualifies what precedes, and literally considered applies as well to a road on a township line, or from one township into another, as to a road on a county line. This, however, leads to an absurd consequence, and is manifestly not what was intended by the Legislature.

Reading sections 31 and 57 together, as we must, we think it clear that the true spirit and intent of the statute is that in all cases the Highway Commissioners shall be petitioned by the land owners of their respective townships, not less than twelve within three miles, when townships only are affected, and the same number when county lines are involved, and that by inadvertence the words "or township" after the word county and before the word "within" were omitted in drafting the section.

Another construction suggested by counsel is that the words "when the road is on a county line the petition shall be" were omitted and should be supplied. In adopting this construction it becomes necessary to add so many words that it is somewhat difficult to suppose their omission was unnoticed, whereas it is nothing unusual to find one or two words have accidentally been dropped. We are inclined to think the omission of

the words "or township" was inadvertent, and that they should be supplied, and that the word "either" must be read to mean "each," which is its not infrequent use.

The manifest policy of the law is that the local authorities of each township shall have control of and be held responsible for the system of highways within the township, and that a petition of the land owners within certain bounds is essential to give jurisdiction to the proceedings of the Commissioners.

It is not to be supposed that this policy is abandoned when the road is on a town or county line, or runs from one town to another.    All the reasons for such a policy are operative and obvious in these cases as much as when the road is wholly within one town, and in construing the section we are justified in the assumption that such was the theory of the law.    Upon the subject of construction in such and analogous cases, see Perry County v. Jefferson County, 94 Ill. 214; The People v. Hoffman, 97 Ill. 234.

Statutes must be interpreted according to their intent and meaning and not always according to the letter, and when the words are not precise, definite and clear, such construction will be adopted as shall appear most reasonable and best suited to accomplish the general object of the statute; and when any particular construction would lead to an absurd consequence, it will be presumed that some qualification or exception was intended by the Legislature to avoid such conclusion.

In the present case the petition to the Highway Commissioners was signed by more than twelve land owners residing in North Litchfield within two miles of the proposed road, and by some, but by less than twelve, and less than two thirds, of the land owners of South Litchfield within the two miles.

According to the construction above indicated, which we are disposed to accept, or the other suggested—one of which we think must be adopted—the necessary petitions were not presented to the Highway Commissioners to give them jurisdiction to lay out the road, and the demurrer to the petition for mandamus was well taken.    The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*