# DAVID N. LOWE
## v.
## THE TOWN OF AROMA.

*Highways—Obstruction—Action for Penalty—Evidence—Act of 1851—Sec. 52, Chap. 121, R. S. —Official Action—Presumption of Regularity.*

1. In an action to enforce the statutory penalty for the obstruction of a highway, it is *held:* That the verdict for the plaintiff is supported by the evidence; that the order of the Commissioners, laying out the road, was properly admitted, although the record showed no assessment and payment of damages, the act of 1851 not requiring a record of anything but the order; that Sec. 52, Chap. 121, R. S., is also applicable; that the evidence shows the road was duly established and opened; and that it established the existence of the road by user for a period of more than twenty years prior to the alleged obstruction.

2. Sec. 52, Chap. 121, R. S., making the Town Clerk's record *prima facie* evidence of the regularity of official action in relation to highways, applies where the road was established before as well as after its enactment.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. RICHARDSON BROS. and T. P. BONFIELD, for appellant.

Mr. H. K. WHEELER, for appellee.

LACEY, J. This action was brought before a Justice of the Peace by appellee against appellant to enforce the statutory penalty for obstruction of a highway. A trial was had before the Justice and resulted in judgment in favor of appellee for $22, from which an appeal was taken to the Circuit Court where a new trial was had before a jury and verdict and judgment in favor of appellee for $3 and costs, from which the appeal is taken. The main cause of error assigned by appellant is that the verdict is against the weight of the evidence.

It is claimed that the appellee neither made out the exist-ence of the road at the *locus in quo* at the time of the alleged obstruction by user or by being laid out by actual legal authority.

The appellee offered in evidence the order of the Commissioners of Highways ordering the laying out of the road in 1855.

This evidence was objected to on the ground that the record showed no assessment and payment of damages. This objection the court overruled and admitted the record in evidence. This is assigned for error. We perceive no error in this. At the time this road was laid out the Act under which the proceedings were carried on (the Act of 1851,) did not require any record of anything except the order laying out the road. Waddle v. Duncan, 63 Ill. 223.

Again, Sec. 52, Chap. 121, R. S., provides that, "the record of the Town Clerk, or a certified copy of such record, and papers relating to the establishment, location, alteration, widening or vacation of any road shall be *prima facie* evidence in all cases; that all the necessary antecedent provisions had been complied with, and that the action of the Commissioners or other person and officers in regard thereto was regular in all respects." This provision applies to all cases as well as those where the road had been established before the act as after it. One Clark was the surveyor, and surveyed and located the road as here ported on the half-section line agreeable to the order of the Commissioners. It is attempted on the part of appellant to show that the actual survey of the road was not on that line, but west of it; that the road had been traveled west of the line of the *locus in quo* since 1855, the time of its establishment; that the road was not opened within five years from its laying out, and that the proceeding to establish the road in consequence became void. But we think the better evidence is that it was traveled east and on the half-section line, and that the obstruction and fence for forty rods was moved into the traveled road seven or eight years before the trial by the grantor of appellant, and in 1884 was removed by the Commissioners and set back again by

appellant, and for this obstruction this suit is brought. We think the appellee has established by a clear preponderance of the evidence that the road was established by legal authority and opened within five years therefrom, and besides. has as well established its existence by user for a period of time for more than twenty years before the alleged obstruction. The verdict is clearly justified by the evidence, and we find that the instructions as a whole are fair. It would serve no good purpose and we will not undertake to examine all the evidence or instructions in detail, but are satisfied that justice has been done.

Finding no error in the record the judgment is affirmed.

*Judgment affirmed.*