JOHN A. WRIGHT

*v.*

COMMISSIONERS OF HIGHWAYS OF TOWN OF MIDDLEFORK *et al.*

*Filed at Springfield, April 3, 1893.*

1. HIGHWAYS—*laying out, on the county line—of the petition.* Under the road law of 1883, when a public road is sought to be laid out on a county line, and in three towns, the correct practice is to prepare three petitions addressed to the joint board of commissioners of highways, one for each town, and when each is signed by twelve freeholders residing in the town for which it is prepared, then deliver it to the board of commissioners thereof. The statute does not require that only one petition shall be made out and delivered.

2. COMMISSIONERS OF HIGHWAYS—*laying out a public highway—notice of adjournment.* Where the commissioners of highways at their meeting to consider the propriety of laying out a public road, ma¹ an adjournment, that fact should be publicly announced, and ⟨…⟩

of the adjourned meeting should be posted up at the place where the first meeting is had; but a failure to post such notice at the place required by law, when it appears that such notice was posted at a more public place than that where the first meeting is had, is but an irregularity that will not affect the jurisdiction of the board of commissioners.

3. SAME—*filing order—laying out a public road.* When a road is laid out by the highway commissioners of a single town, the order laying it out must be filed in the town clerk's office within five days; but when the road laid out or vacated lies partly in two or more towns, the order may be filed with the town clerk of any one of the towns interested within five days, and copies thereof may be filed with the town clerks of the other towns in a reasonable time thereafter, even though not within five days from the date of such order.

WRIT OF ERROR to the Circuit Court of Vermilion County; the Hon. F. BOOKWALTER, Judge, presiding.

Mr. J. B. MANN, for the plaintiff in error:

The petition is the fundamental jurisdictional fact, without which the commissioners are powerless to act, and failing which, all their subsequent acts are void. *Warne* v. *Baker*, 35 Ill. 382.

The statute requires that copies of the petition shall be posted in each of the towns. Sec. 57, of Law of 1883. Posting the notices is also jurisdictional. *Highway Comrs.*, 2 Bradw. 24.

At the first meeting held February 23, 1889, adjournment was had until March 2, 1889. It is made the duty of the commissioners to make public announcement of the adjournment, and at the time and place of meeting to post notice of such adjournment. Notice was not posted at the place, but two miles therefrom. The failure to post this notice lost to the commissioners authority to proceed further.

Section 57 requires that copies of the final order and papers shall be filed in the office of each of the towns interested. Keeping in view the further provision of the section that it is the duty of the commissioners to act in the same manner ᵃⁿd at the same time as in other cases, it will be seen that me.

a copy of the final order should have been filed in the office of each of the clerks of the several towns on April 4, 1889.    See Sec. 49.

The final order was made March 30; and should have been deposited and filed in each of the towns not later than April 4.    It was not deposited or filed in Kerr township until April 5.    This amounted to an abandonment of the proceeding.

Under a former law, in which no time was fixed for filing the final order, the Supreme Court held that an unreasonable delay in filing the order was to be taken as an abandonment of the proceeding.    *Town* v. *Town of Blackberry*, 29 Ill. 137; *Allison* v. *Comrs. of Highways*, 54 Ill. 170; *Comrs., etc.,* v. *Barry*, 66 Ill. 496.

But when a time is fixed, as is now the case, the order must be filed within the designated time, or the proceedings will be adjudged to be abandoned, and the road can not be lawfully opened.    *Breese* v. *Poole*, 114 Ill. 594; *Same* v. *Same*, 16 App. 551; *Alexander* v. *Rubenson*, 12 App. 120.

Messrs. LAWRENCE & LAWRENCE, for the defendants in error:

The petition gave the board of commissioners jurisdiction.    Laws of 1883, p. 151, Sec. 57; *People* v. *Blackwelder*, 21 App. 254.

Admitting that the petitions were irregular and erroneous, yet they were sufficient to confer jurisdiction.    *Bailey* v. *McCain*, 92 Ill. 277; *Frizell* v. *Rogers*, 82 Ill. 109.

Appellant can not object to the sufficiency of the notice of the adjourned meeting, as he was present when the adjournment was announced and was in attendance at the adjourned meeting.

Section 57 of the statute does not name any time within which the final order shall be filed in the offices of the respective town clerks.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity brought by John A. Wright against the commissioners of highways of the towns of Middlefork and Butler, in the county of Vermilion, and the commissioners of highways of the town of Kerr, in the county of Champaign, to enjoin the opening of a highway over complainant's lands. The defendants put in an answer to the bill, and on a hearing upon the pleadings and evidence a decree was entered dismissing complainant's bill, to reverse which complainant sued out this writ of error. The highway in question was laid out on a county line by the joint action of the commissioners of highways of two towns of Vermilion county and one town in Champaign county, and it is asserted by the complainant that the proceedings which resulted in laying out the highway did not conform to the statute, and hence the order establishing the road is void. No question is raised in regard to the sufficiency of the contents of the petition upon which the commissioners acted, but it is said three petitions were presented, when one only was authorized by the statute. The facts in reference to the petition are as follows:

Petition in the ordinary form, and addressed to the commissioners of highways of Middlefork and Butler, in the county of Vermilion, and of the town of Kerr, in the county of Champaign, and signed by Peter Johnson and sixteen other residents in Middlefork township, was presented to the commissioners of that township. A petition in all respects similiar was signed by twelve or more freeholders, resident in Butler township, and presented to the commissioners of that town. And a like petition was signed by twelve or more freeholders, resident in Kerr township, and presented to the commissioners of that town.

Copies of the petition presented to the board in the town of Middlefork were duly posted in that town, and a similiar course was pursued in regard to the petition presented to the board in each of the other towns, and the first, and,

indeed, the main question in the case is whether under the petition thus presented the commissioners acquired jurisdiction to lay out the highway. The proceedings to lay out the road in question were instituted under the act in regard to roads and bridges in counties under township organization, enacted in 1883. (Laws of 1883, page 137.) But two sections, Nos. 31 and 57, need be noticed.

Section 31 is as follows: "The commissioners may alter, widen or vacate any road or lay out any new road in their respective towns when petitioned by any number of land owners, not less than twelve, or two-thirds of the land owners residing in such town within two miles of the road so to be altered, widened, vacated or laid out."

Section 57 is as follows: "Public roads may be established, altered, widened or vacated on township or county lines, or from one township into another, in the same manner as other public roads, except that in such case a copy of the petition shall be posted up in and presented to the commissioners of each town interested, said petition to be as in other cases, and signed by not less than twelve land owners residing in either county within three miles of the road to be altered, widened, located or laid out; whereupon it shall be the duty of the commissioners of the several towns to meet and act as one body, in the same time and manner as in other cases, in considering the petition, viewing the premises, adjusting damages and making all orders in reference to such proposed road alteration, widening or vacation, and a majority of all such commissioners must concur in all such orders; and a copy of all final orders and plats and papers shall be filed and recorded in each of the counties and towns interested."

If this section was to be construed by itself, what was really intended as to the petition to be presented would be in doubt; but when the section is considered in connection with Sec. 31, we think the intention of the legislature may be determined without much difficulty.

Under sec. 31 the commissioners of a town may lay out or vacate a road in their respective towns when petitioned by not less than twelve of the land owners residing in such town within two miles of the road. The petition in each case must be signed by land owners residing in the town. A petition signed by land owners residing in another town would not authorize the commissioners to take any action. What course shall be pursued when it is desired to vacate or lay out a road on a township or county line? Sec. 57 says, in the first part of the section, that public roads may be established or vacated on township or county lines in the same manner as other public roads. Then follows the exception: "Except in such cases a copy of the petition shall be presented to the commissioners of each town interested." Had the section stopped here, then the position of the complainant might have been sustained; but the next clause places a different phase on the question, it reads: "Said petition to be as in other cases." That is, the petition shall be as provided by sec. 31, signed by land owners in the respective towns, as was done here. There were three towns, and the commissioners of the three towns were required to meet together, and constitute a joint board, in laying out the road on the county line. A petition was prepared, addressed to the commissioners of highways of the three towns located in the two counties; copies of the petition were prepared and circulated and signed in each of the three towns by land owners residing within three miles of the proposed road. After the requisite number of signatures was obtained to the three copies, the petition was presented to the board of commissioners. This we regard as a correct practice in a case of this character, one sanctioned by the statute.

It appears that the commissioners of the respective towns met in joint session at the residence of Wilson, town clerk of the town of Kerr, on the 23d day of February, 1889, to consider the petition, and adjourned until the second day of

March.   Public announcement was made by the chairman of the board, of the adjournment, and notice was also posted, but the notice was posted at Sugar Grove school house, about a mile and a half from where Wilson resided, and it is insisted as the notice was not posted at the place of meeting, the commissioners lost jurisdiction to proceed at the meeting of March 2nd.   Sec. 34 of the act provides that the commissioners may, by public announcement and by the posting of a notice at the time and place named in the first notice, adjourn the meeting.   Wilson, where the first meeting was held, did not reside on any public road, while the school house, where the notice was posted, was located where two public roads cross, and hence was a more public place for a notice to be posted than the residence of Wilson, and no doubt for this reason the notice was posted at that place.   Strictly the statute required the notice to be posted at the place where the commissioners met, but the failure to conform to the letter of the statute was a mere irregularity which did no harm and did not affect the jurisdiction of the commissioners.

It is also claimed that the order of the commissioners laying out the road is void, for the reason a copy of such order was not filed in each town within five days after the order was made.   The order laying out the road was executed March 30, 1889, and filed in the office of the town clerk of Middle-fork township on April 4, 1889, and a copy of the order was filed in the office of the town clerk of Butler township, April 4, 1889, and in the office of the town clerk of Kerr township on April 5, 1889.   Where a highway is laid out by the commissioners of highways of a single town, the statute requires the order to be filed in the office of the town clerk within five days.   Where a road is to be laid out on a town or county line by the joint action of the commissioners of two or more towns, as was done here, sec. 57 of the act requires the commissioners of the several towns to meet and act as one body, ''In the same time

and manner as in other cases, in considering the petition, viewing the premises, adjusting damages, and making all orders in reference to such proposed road;    *    *    *    * and a copy of all final orders and plats and papers shall be filed and recorded in each of the counties and towns interested.''

As we understand the statute as respects making the order and filing it in the office of the town clerk, the commissioners of highways were required to proceed in this case in the same manner as is required where the proceeding is before the commissioners of a single town, and where the road is laid out or vacated, as but one order is required to be filed, that may be filed with the town clerk in any one of the towns interested, within five days.

That was done here by filing the order in the office of the town clerk of Middlefork township, April 4, 1889. Copies were subsequently filed in the other towns interested, but the fact that the copy of the order filed in one of the towns was not filed within five days does not invalidate the order. The last clause of sec. 57, which provides for filing the copies, does not fix the time. If, therefore, the filing is done within a reasonable term, as was done here, that will be regarded a compliance with the statute. The decree of the Circuit Court will be affirmed.                    *Affirmed.*