The People ex rel. Henry H. Lichenwalter et al., Appellants, v. Elry G. Spangler et al., Appellees.

Gen. No. 5,163.

ROADS AND BRIDGES—*when petition does not authorize laying out of road.* A petition presented to the highway commissioners of two towns asking for the laying out of a road on a line between the two towns in question does not confer jurisdiction unless it is signed by not less than two-thirds of the resident landowners in each of such towns within two miles of the proposed new road.

Mandamus. Appeal from the Circuit Court of Will county; the

Hon. Dorrance Dibell, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

Lagger & Blatt, for appellants.

Peter Shutts, Knox & Akin and Fred W. Walter, for appellees.

Mr. Justice Willis delivered the opinion of the court.

A petition asking that a road be laid out on a certain portion of the line between Jackson and Manhattan townships in Will county, signed by residents and landowners of said towns, was presented to the highway commissioners of said towns July 19, 1907. The highway commissioners of the two towns met July 2, 1907, to examine the route of the proposed road, and to hear reasons for and against granting the prayer of the petition, and adjourned to July 12, 1907. They met on that day and declined to act on the petition and adjourned *sine die*. Thereafter a petition was filed in the Circuit Court of said county, praying that a writ of *mandamus* issue commanding the highway commissioners of the two towns to meet and act upon the petition. The petition for *mandamus* alleged that the relators, with others, duly made and subscribed a certain petition in writing, in duplicate, for the laying out of a new road, the central line of which was to be the boundary line between the towns of Jackson and Manhattan; that said duplicate petitions duly gave the names of all the owners of the land over which the said proposed road was to pass, and alleged that the said petitions were more than twelve in number, and more than two-thirds of the landowners residing in said towns within two miles of the route of the proposed road. A demurrer to the petition was sustained, and the relators appeal.

A number of errors are assigned, but, as we view the case, the only question for our consideration is, did the petition invest the commissioners of the two towns with jurisdiction to lay out the road?

To determine this, sections 31 and 57 of chapter 121, Hurd's R. S. 1908, must be read together. People v. Blackwelder, 21 Ill. App. 254; Wright v. Commissioners, 145 Ill. 48. Section 31 provides that commissioners may alter, widen or vacate any road or lay out any new road, in their respective towns when petitioned by any number of landowners not less than twelve, who shall reside in said town within two miles of the road to be altered, widened, vacated or laid out, or two-thirds of the landowners residing in said town within two miles of the road to be altered, widened, vacated or laid out.

Section 57 provides that public roads may be established on county or township lines in the same manner as other public roads, except that in such cases a copy of the petition shall be posted up in and presented to the commissioners of each town interested; said petition to be as in other cases, and signed by not less than twelve or two-thirds of the owners of land residing thereon, in either township or county within two miles of the road to be laid out, whereupon it shall be the duty of the commissioners of the several towns to meet and act as one body in the same time and manner as in other cases in considering the petition.

In the case at bar, the petition addressed to the commissioners, was made in duplicate, and a copy filed with the commissioners of each town. It recited that landowners, twelve in number and being more than two-thirds of the landowners residing in said towns within two miles of the proposed road petitioned that it be laid out.

Appellants argue that there were, at the time of presenting said petition, thirty persons owners of land located within two miles of the proposed road. Of these there were but eighteen residing on their land so located within two miles of said road. Of these, fourteen signed said petition, so that a considerably larger proportion than two-thirds of the owners of land residing thereon in both of said towns within two miles of the proposed new road signed the

petition. The petition was apparently based on the assumption that, under the statute in question, the two towns were to be considered as a unit, and that signers of a petition to the number of twelve, or more than two-thirds of the landowners residing in the two towns within two miles of the proposed road, might be obtained indiscriminately from the two towns without regard to the number signing in either.

"Under section 31, the commissioners of a town may lay out or vacate a road in their respective towns when petitioned by not less than twelve of the landowners residing in such towns within two miles of the road. The petition in each case must be signed by landowners residing in the town. A petition signed by landowners residing in another town would not authorize the commissioners to take any action." Wright v. Commissioners of Highways, *supra*.

"The manifest policy of the law is that the local authorities in each township shall have control of and be held responsible for the system of highways within the township, and that a petition of the landowners within certain bounds is essential to give jurisdiction to the proceedings of the commissioners. It is not to be supposed that this policy is abandoned when the road is on a town or county line, or runs from one town to another. All the reasons for such policy are operative and obvious in these cases as much as when the road is wholly within one town." People v. Blackwelder, *supra*.

Section 57 provides that the commissioners of the several towns should meet and act as one body at the same time and manner as in other cases in considering the petition, but they could not be compelled to act unless the petition was signed by the requisite number of landowners in the township from which they were elected. The commissioners of the town of Jackson could not be compelled to proceeed to lay out a road on a petition signed by landowners of the town of Manhattan; nor could the commissioners of Man-

hattan be compelled to lay out a road on a petition signed by landowners of the town of Jackson. To have authorized the commissioners of the town of Manhattan to act, the petition should have been signed by not less than twelve or two-thirds of the resident landowners in said town within two miles of the road petitioned for; and to have authorized the commissioners of the town of Jackson to act, the petition should have been signed by not less than twelve or two-thirds of the resident landowners in said town within two miles of the proposed new road.

From aught that appears in the petition filed with the highway commissioners, or in the petition for *mandamus*, all the landowners who signed the petition may have resided in the town of Jackson or they may have resided in the town of Manhattan. There is nothing to show that not less than twelve or two-thirds of the resident landowners in each township within two miles of the proposed road signed the petition.

We are of the opinion that the petition to the highway commissioners did not meet the requirements of the statute, and did not confer jurisdiction upon them; and that they properly refused to act, and could not be compelled to proceed to lay out the road. There was, therefore, no error in sustaining the demurrer to the petition for a writ of *mandamus*.

The judgment is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE DIBELL took no part.