# COUNTY OF PERRY

### *v.*

# COUNTY OF JEFFERSON.

1. BOUNDARY LINE *between counties of Perry and Jefferson—of the Little Muddy river.* Under a proper construction of the act of 1835, "to change the county line between Perry and Franklin counties," the Little Muddy river forms the eastern boundary of only so much of Perry county as abuts upon Franklin county, and does not constitute the eastern boundary of that portion of Perry county which abuts upon Jefferson county. The boundary line between Perry and Jefferson counties is the third principal meridian, as established by the act of 1827 creating the county of Perry.

2. SAME—*construction of act of* 1835. Jefferson county abuts upon Franklin on the north,—both these counties abut in part upon Perry on the east. The Little Muddy river crosses the north line of Perry county a short distance west from its north-east corner, thence running south-easterly, crosses the east boundary line of Perry into Jefferson county, thence meandering in a southerly direction through Jefferson and Franklin to a point not far north of the south-east corner of Perry, where the river takes a south-westerly course, crossing again the east boundary of Perry, passing into that county and crossing its south boundary line, thus cutting off the north-east and south-east corners of Perry county. The letter of the act of 1835 would constitute the Little Muddy river the east boundary line of Perry county, to the entire extent of the county, thus making it the boundary line between Perry county and the counties of Franklin and Jefferson abutting Perry county on the east. But to give the act that effect would attach to Franklin county that part of Perry situate in the north-east corner, which is cut off by the river, and which is entirely detached from Franklin county proper, and upwards of three miles from it. To avoid this absurd result the letter of the act must yield to the evident intention of the legislature as deduced from the whole act taken together, giving due consideration to the title of the act, and the situation of the territory to be affected.

3. So, the point of commencement as intended to be fixed by the act is the middle of the river at the point where it crosses the north boundary line of Franklin county, thence west on the county line to the third principal meridian, thence north to the north-east corner of Perry county as established by the act of 1827, thus leaving the meridian line as the boundary between Perry and Jefferson counties.

4. CONSTRUCTION OF STATUTES—*of the title of an act.* Although the title of an act is commonly said to be no part of the act, it is not to be wholly disregarded in putting a construction upon the statute. The object of the legislature is very often avowed in the title as well as in the preamble; and where

the mind labors to discover the design of the legislature, it seizes upon everything from which aid can be derived; and in such case, the title of an act claims a degree of notice, and will have its due share of consideration.

5. SAME—*as to following the letter of the statute.* Statutes must be interpreted according to the intent and meaning, not always according to the letter. A thing within the *intention*, is within the statute, though not within the letter; and a thing within the letter is not within the statute, unless within the intention. There is sufficient authority to warrant departure from the words of a statute when to follow them would lead to an absurd consequence.

APPEAL from the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. MURPHY & BOYD, for the appellant.

Mr. SETH F. CREWS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit, brought by the county of Jefferson, in this State, against the county of Perry, to recover for moneys expended in the construction and repair of bridges across Little Muddy river, the alleged boundary line between the two counties. It was agreed between the parties that the question to be decided by the court was, is little Muddy river the eastern boundary line of Perry county? If so found, then the court to render judgment for the plaintiff for $453.

The circuit court found for plaintiff, and rendered judgment for the above sum, and the defendant appealed to this court.

By an act of the General Assembly, approved January 29, 1827, (Laws 1827, p. 110,) the county of Perry was created with the following boundaries: "That all that tract of country within the following boundaries, to-wit: beginning at the north-east corner of township numbered four south of range numbered one west; thence due west on the line between townships three and four twenty-four miles, to the north-west corner of township four south of range four west; thence due south on the line between ranges four and five eighteen miles, to the south-west corner of township six south of range four

west; thence due east on the line between townships six and seven twenty-four miles, to the south-east corner of township six south of range one west; thence due north on the third principal meridian line to the place of beginning, shall constitute the county of Perry."

By a subsequent act of the General Assembly, approved February 6, 1835, entitled "An act to change the county line between Perry and Franklin counties," it was enacted:

"Section 1.    That so much of an act creating Perry county, approved January 29, 1827, as establishes the north-east corner of said county at the north-east corner of township number five south of range number one west, and so much as establishes the south-east corner of said county at the —— west corner of township six south of range one west, is hereby repealed.

"Sec. 2.    That the north-east corner of Perry county shall be established in the middle of Little Muddy river, where the line crosses said river dividing townships three and four; thence due west on the line between townships three and four to the north-west corner of township four south of range four west; thence due south on the line between ranges four and five, eighteen miles to the south-west corner of township six south of range four west; thence due east on the line between townships six and seven to the middle of Muddy river; thence north with its meanderings to the place of beginning.

"Sec. 3.    That all that tract of country lying west of Little Muddy river, as before described, shall compose the county of Perry, and all that tract of country lying east of said river, heretofore belonging to the county of Perry, shall compose a part of the county of Franklin, any former law to the contrary notwithstanding."

The question arises upon this statute of 1835, and is, whether by that statute the Little Muddy river is made the eastern boundary line of Perry county the entire extent of the county, or only to the extent it adjoins Franklin county, making the river the boundary line between Perry and Franklin counties only.

The relative situation of Jefferson, Franklin and Perry counties and the Little Muddy river toward each other at the time of the passage of the act of 1835 is shown by the following plat:

WASHINGTON COUNTY    *N.*    3ᴰ P. M.    JEFFERSON COUNTY

TOWNSHIP 4 S

| 6 | 5 | 4 | 3 | 2 | 1 | 6 | 5 | 4 |
| 7 | 8 | 9 | 10 | 11 | 12 | 7 | 8 | 9 |
| 18 | 17 | 16 | 15 | 14 | 13 | 18 | 17 | 16 |
| 19 | 20 | 21 | 22 | 23 | 24 | 19 | 20 | 21 |
| 30 | 29 | 28 | 27 | 26 | 25 | 30 | 29 | 28 |
| 31 | 32 | 33 | 34 | 35 | 36 | 31 | 32 | 33 |

COUNTY LINE

PERRY W.

*COUNTY*    TOWNSHIP 5 S.    E

| | | | 3 | 2 | 1 | 6 | 5 | 4 |
| | | | 10 | 11 | 12 | 7 | 8 | 9 |
| | | | 15 | 14 | 13 | 18 | 17 | 16 |
| | | | 22 | 23 | 24 | 19 | 20 | 21 |
| | | | 27 | 26 | 25 | 30 | 29 | 28 |
| | | | 34 | 35 | 36 | 31 | 32 | 33 |

TOWNSHIP 6 S.    FRANKLIN COUNTY

| | | | 3 | 2 | 1 | 6 | 5 | 4 |
| | | | 10 | 11 | 12 | 7 | 8 | 9 |
| | | | 15 | 14 | 13 | 18 | 17 | 16 |
| | | | 22 | 23 | 24 | 19 | 20 | 21 |
| | | | 27 | 26 | 25 | 30 | 29 | 28 |
| | | | 34 | 35 | 36 | 31 | 32 | 33 |

RANGE 2 W.    RANGE 1 W.    RANGE 1 E.

*S*

The words of the act of 1835, after abolishing the north-east and south-east corners of Perry county, are entirely clear, explicit and consistent in defining the boundaries of Perry county; and they make the Little Muddy river the eastern boundary line of Perry county the whole extent of the county. The river does cross the north line of the county, being the line dividing townships three and four at a point a short distance west of the then north-east corner of the county, and the north-east corner could be established in the middle of the river at that point, and the lines could consistently run from thence as described in the act. But this river also crosses the north line of Franklin county, it being the line dividing townships four and five at a point on that line a little more than one mile east of the north-west corner of Franklin county and of the third meridian, and it is in the middle of Little Muddy river at the latter point where, Perry county contends, the point of commencement was intended to be established by the act of 1835, and the line to run thence west on the line between townships four and five to the third meridian, thence north on that meridian six miles to the north-east corner of Perry county, thence west on the line between townships three and four, as described in the act. According to this latter description, the county line only between Perry and Franklin counties would be changed, as the title of the act of 1835 purports, and the line north between Perry and Jefferson counties would remain unchanged.

The operation of the act, too, would be consistent. There would be territory lying west of the river cut off from Franklin county, and there would be territory lying east of the river cut off from Perry county at the south-east corner; and the act declares that the part lying west of the river should belong to Perry county, and all that lying east of the river should belong to Franklin county.

Making the Little Muddy river the eastern boundary line of Perry county, the entire extent of the county involves this absurd consequence. The river cuts off from the north-

eastern corner of Perry county the triangular portion of territory shown by the plat lying east and north-easterly of the river, which, under the act of 1835, would become a portion of Franklin county, the act attaching to Franklin county all that tract of country lying east of the river theretofore belonging to Perry county. Now this portion of territory is entirely detached from Franklin county, upwards of three miles distant from it, a part of the county of Jefferson lying between Franklin county proper and this territory. If so cut off from Perry, it could properly be attached only to Jefferson or Washington counties, the counties adjoining on the east and north. No legislature could have understandingly and intentionally attached and made this territory a part of Franklin county. It would be a simple absurdity. An inspection of the map will show this.

The act speaks, too, of only one tract, giving "that tract" lying east of the river to Franklin county, when there are two tracts cut off by the river from Perry county, this in the northeast corner and another one in the south-east corner, which may be said to be some indication that only one tract, this latter tract, was contemplated by the legislature would be cut off from Perry county by the change of boundary, and which would be caused by the change of the county line between Perry and Franklin counties in making the river the line between them.

The title of the act is, "to change the county line between Perry and Franklin counties." This is indicative of the legislative design to change only the county line between those two counties. Making the Little Muddy river the eastern boundary line of Perry county its whole extent, would not only change the county line between Perry and Franklin, but also that between Perry and Jefferson counties, cutting off a portion from the south-western part of Jefferson county. And though the title to an act is commonly said to be no part of an act, it is not to be wholly disregarded in putting a construction upon the statute.

The object of the legislature is very often avowed in the title to an act, as well as in the preamble. Potter's Dwarris Stat. 103.

When the intent is plain nothing is left to construction.

When the mind labors to discover the design of the legislature, it seizes everything from which aid can be derived; and in such case the title of an act claims a degree of notice, and will have its due share of consideration. *United States* v. *Fisher*, 2 Cranch, 258.

In Potter's Dwarris on Stat. p. 144, among a number of rules and maxims of interpretation of statutes which are laid down, are the following:

Statutes must be interpreted according to the intent and meaning, and not always according to the letter.

A thing within the *intention* is within the statute, though not within the letter; and a thing within the letter is not within the statute, unless within the intention.

We have remarked upon the absurd consequences which would follow from the adoption of the boundary as literally described by the act of 1835, in giving to Franklin a piece of entirely detached territory. There is sufficient authority to warrant departure from the words of a statute when to follow them would lead to an absurd consequence.

In *Perry* v. *Skinner*, 2 M. & W. 471, PARKE, B., said: "The rule by which we are to be guided in construing acts of Parliament is to look at the precise words and to construe them in their ordinary sense, unless it would lead to any absurdity or manifest injustice; and if it should, so to vary and modify them as to avoid that which certainly could not have been the intention of the legislature should be done."

It is, unquestionably, a well settled rule of construction, applicable as well to penal statutes as to others, that when the words are not precise and clear, such construction will be adopted as shall appear most reasonble and best suited to accomplish the objects of the statute; and when any particular construction would lead to an absurd consequence, it will

be presumed that some exception or qualification was intended by the legislature to avoid such conclusion.   24 Pick. 370; and see *United States* v. *Kirby*, 7 Wall. 486; *Oates* v. *First National Bank of Montgomery*, 100 U. S. Rep. (10 Otto,) 239, that any construction should be discarded which leads to absurd consequences.

There was evidently some misapprehension of the legislature in the matter.   There was a palpable mistake as to where the north-east corner of Perry county was, and the whole difficulty comes from the fixing of the point of commencement, the north-east corner of the county, and in the description from that point of the first line of the boundary, the north line of the county.

The act of 1835, in the first section, assumes that the law of 1827 established the north-east corner of Perry county at the north-east corner of township *five* south of range 1 west, when, in fact, the act of 1827 fixed such north-east corner at the north-east corner of township *four* south of range 1 west; and it also assumes that the south-east corner of the county of Perry, as established by that act, is at the *west* corner of township 6 south of range 1 west, when, in fact, it was established at the *south-east* corner of township 6 south, range 1 west;—thus assuming that the north-east and south-east corners of that county were six miles from where they really were established by the act of 1827.

The legislature clearly intended, in the act of 1835, to fix the point of commencement, in defining the boundary of Perry county, at a point in the Little Muddy river on the same line east and west between townships on which the north-east corner of the county was; and if they were acting under the supposition, as the first section shows, that the north-east corner was on the line between townships four and five, then they intended to fix the point of commencement, which they call the north-east corner, in the middle of Little Muddy river on the line dividing townships four and five—which would be on the north line of Franklin county, a little more

than a mile east of its north-west corner—and not on the line between townships three and four, as the act expresses; and the description, instead of being from the point of commencement due west to the north-west corner of Perry county, as the act reads, should then have been due west to the third meridian, then north on the meridian line to the north-east corner of Perry county, and thence due west to the north-west corner of that county. This description of boundary is the one Perry county contends for, and would change the line only between the counties of Perry and Franklin, and the change would be in making the Little Muddy river the line between them.

Evidence was introduced showing, that so far as all questions of county government and the assessment of taxes were concerned, the county of Perry has, ever since the act of 1835, recognized the line of the third principal meridian as the line dividing the counties of Perry and Jefferson, and has never treated the Little Muddy river as the line between them.

We are of opinion that it was not the intention of the act of 1835 to change the county line between the counties of Jefferson and Perry, but that it was the intention to change only the county line between Perry and Franklin counties, as the title of the act expresses; and that it is the sound and the permissible construction of the act that it did not change the county line between the counties of Perry and Jefferson, but only the line between Perry and Franklin counties, making the Little Muddy river the boundary between them, notwithstanding such construction is contrary to the letter of the act of 1835, in defining the boundaries of Perry county.

The judgment of the circuit court will be reversed, and the cause remanded.

*Judgment reversed.*