The Wabash, St. Louis and Pacific Railway Company

*v.*

Anton Binkert *et al.*

*Filed at Springfield March 29, 1883.*

1. Statute—*rule of construction.* In construing a statute the courts are not confined to the words employed, but may look to the preceding law and other statutory provisions relating to the same subject. The plain literal reading of language may be departed from when it is required to avoid an absurd consequence, or to carry out the manifest intention.

2. Taxation—*road and bridge tax—to· be extended on current year's assessment.* The bridge tax provided for in section 119 of the Road and Bridge act of 1879, is not required to be extended upon the assessment valuation of the preceding year, but upon the assessment for the current year. It is meant by that section that such tax shall not exceed forty cents on the one hundred dollars, according to the assessment of the previous year; but when the sum to be levied is thus fixed by reference to the preceding assessment, the clerk of the county court is required to extend that sum upon the property of the town according to the assessment for the current year.

APPEAL from the Circuit Court of Christian county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Mr. FRANK W. BURNETT, for the appellant.

Mr. ANTHONY THORNTON, for the appellees; Mr. JOHN G. DRENNAN, also for the appellees Jordan, Binkert, etc.; Mr. C. W. BROWN, for the collector of Will county; Mr. R. W. HILSCHER, for appellee Hamilton.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, brought against the collectors of taxes for some twenty-three counties in this State, to restrain the collection of certain road and bridge taxes levied by highway commissioners in the respective counties for the year 1881, upon the ground that the taxes were levied on the assessment of the then current year, (1881,) instead of on that of the previous year, (1880,) the assessment in the latter year being lower than that for 1881. The court below sustained a demurrer to the bill, and dismissed it, and the complainant appealed.

The suit involves the construction of section 119 of the Road and Bridge act of 1879, (Laws 1879, p. 257,) which section is as follows: "The highway commissioners of each town shall annually ascertain, as near as practicable, how much money must be raised by tax on real and personal property for the making and repairing of bridges, etc.,     *     *     *     during the ensuing year, *commencing on Tuesday next preceding the annual town meeting, which tax shall be extended on the tax books according to the assessment of the previous year,* and shall levy a tax on all the real and personal property in said town, not exceeding forty cents on the one hundred dollars; and they shall give to the supervisor of the township a statement of the amount necessary to be raised, and the rate per cent of taxation, signed by said commissioners, or a majority

of them, on or before the Tuesday next preceding the annual September meeting of the board of supervisors, who shall cause the same to be submitted to said board for their action at such September meeting of said board." These highway commissioners do not extend the tax on the tax books, but that is done by the county clerk, as the next section (120) of the same act provides, as follows : "According to the amount certified as aforesaid, the county clerk, when making out the tax books for State and county taxes for the collector, shall extend the necessary tax in a separate column against each tax-payer's name, or taxable property, as other taxes are extended, which shall be collected the same as State and county taxes."

The controversy arises upon the phrase in section 119, "which tax shall be extended on the tax books according to the assessment of the previous year," and more particularly as to the meaning of the words, "according to the assessment of the previous year,"—whether the tax is to be extended upon the assessment made in the current year,—the year in which the highway commissioners meet to make the levy,—or upon the assessment made in the year previous.

The impression upon the reading of the section certainly is that the extension of the tax is to be upon the assessment of the previous year. Such seems to be the literal reading. But for the ascertaining of the real meaning we are not to be confined to the words employed, but may look to the former law, and to other statutory provisions. The first provision for this distinct road and bridge tax appears to have been by the statute of·1874. (Rev. Stat. 1874, p. 932, sec. 120.) The law of 1874 upon the subject is the same as this present law of 1879, section 120 of the former corresponding to section 119 of the latter, except that in the latter the additional clause which is italicized in the above citation of section 119 is inserted, and the provision in respect to this tax being that the highway commissioners shall levy a tax

on all the real and personal property in the town, "not exceeding forty cents on the one hundred dollars," being silent as to what valuation was to be adopted. Section 16 of the law of 1874 provided for a distinct district road tax, and required the highway commissioners to assess a road tax on all real and personal property to any amount they might deem necessary, not exceeding forty cents on each one hundred dollars worth, "as valued on the assessment roll of the previous year," and section 120, as to the road and bridge tax, required that the commissioners should levy it on all the real and personal property in the town, not exceeding forty cents on the one hundred dollars, not naming any manner of ascertaining the valuation.

In the statute of 1877, (Laws 1877, page 196,) these two sections, 16 and 120, of the law of 1874, providing for these two distinct taxes,—the district road tax, and the road and bridge tax,—were combined in one section,—section 81. That section (81) provides:

"*First*—The commissioners of highways of each town shall annually ascertain, as near as practicable, how much money must be raised by tax on real and personal property for the making and repairing of roads only, to any amount they may deem necessary, not exceeding forty cents on each one hundred dollars worth, "as valued on the assessment roll of the previous year," and certify the same as hereinafter provided.   *   *   *

"*Second*—They shall annually ascertain, as near as practicable, how much money must be raised by tax on real and personal property for the making and repairing of bridges, etc.,   *   *   *   and shall levy a tax on all the real and personal property in said town, not exceeding forty cents on the one hundred dollars."

So far, no statute speaks of extending this road and bridge tax on the tax books according to the assessment of the previous year.   The statute of 1874 said merely that the tax

should be levied, "not exceeding forty cents on the one hundred dollars." Section 16 of that act, providing for the district road tax, did name how the valuation was to be got for that tax, saying the tax was not to be exceeding forty cents on each one hundred dollars worth of property, "as valued on the assessment roll of the previous year." Now, section 81 of the statute of 1877 combining those two sections into one section, says, the highway commissioners shall, first, determine the amount of the district road tax, not exceeding forty cents on each one hundred dollars, "as valued on the assessment roll of the previous year;" second, they shall ascertain and levy this road and bridge tax, "not exceeding forty cents on the one hundred dollars." Although it is not right here named how this last valuation is to be got, yet we think, from the manner in which these two clauses are coupled together, that it is to be taken as having reference to the first clause, and to be the same valuation as there named, viz, "as valued on the assessment roll of the previous year;" that there should be the same basis of valuation in both the cases, no reason being perceived for any difference, and that, being named in the first clause, it was not deemed necessary to repeat it in the second clause. It was not contemplated that the commissioners of highways should themselves value the property, and they must necessarily take the valuation of some one year made by the assessor. They can not take the assessment of the current year, as that will not have been made until a long time after their action,—they must take the assessment of some previous year. In the first clause of this section 81, for the district road tax, it is specifically named that it shall be the valuation of the previous year, and we think that same valuation was to be taken in the second clause for the road and bridge tax, so that we find the true reading of section 81 of the law of 1877 to be, that this road and bridge tax was to be levied on all property in the town, not exceeding forty cents on the one hundred

dollars, "as valued on the assessment roll of the previous year."

This, then, was the law in 1879, when the present amendment came to be made. This act of 1879 divides section 81 of the law of 1877 into two sections again, as was the case in 1874, section 119 of this act of 1879 providing for the road and bridge tax, and section 16 for the district road tax. As before remarked, the only change which section 119 makes from section 120 of the law of 1874, in providing for the mode of the ascertainment and levy of this road and bridge tax, and from section 81 of the law of 1877, is in the italicized words referred to, to-wit: "*commencing on Tuesday next preceding the annual town meeting, which tax shall be extended on the tax books according to the assessment of the previous year.*" Fixing the time of the commencement of the township year is a fresh provision, not appearing before in the legislation on the subject, and one very properly to be made. There is the first mention, here, in this section 119, of an extension of the tax on the tax books according to the assessment of the previous year, or of any extension on the tax books whatever, in connection with the action of the highway commissioners. The assessment roll of the previous year had been spoken of in the two former statutes, but it was for the purpose of limitation of the amount to be raised by taxation. We can not think it was the legislative intention here to introduce this anomaly into our system of taxation, of levying these taxes on the assessment of the previous year. There is no reason for it, as the assessment of the current year is always made, and on the tax books, when the county clerk comes to extend the road and bridge tax on the tax books for collection. We are of opinion that the only change intended to be made in this amendment by section 119, was the division of section 81 of the law of 1877 into two sections, so as to provide in them separately for these two species of taxes, and to fix the time of commencement of the

township year. We have found that, at the time of this amendment, the law was, by section 81 of the law of 1877, as we construe it, that these taxes were to be levied so as not to exceed forty cents on the one hundred dollars, as valued on the assessment roll of the previous year. We believe, from the examination of the previous statutes, that this was the idea which was intended to be expressed in this section 119, but which was not very happily done by the words used, which might come from the confusing and disconnection of language caused in the breaking up of section 81 in the act of 1877 into two sections, by the displacing of words out of their proper connection. The transposition of the words "according to the assessment of the previous year," to the end of the words "one hundred dollars," so as to read not exceeding forty cents on "the one hundred dollars, according to the assessment of the previous year," would express what we regard as the intended meaning, and make the clause consistent and harmonious throughout.

According to this construction, then, the meaning of the clause in question in section 119 is not to designate which assessed valuation shall be placed upon the tax books, from which the tax shall be calculated, but to designate the manner of ascertaining the value of property at the time the commissioners meet to make the levy. The extension of the tax on the tax books has no proper place in section 119. The commissioners of highways have nothing to do with that extension. The subject of that section provides for the tax, and the determination of its amount, and the certifying of it. The next section (120) is devoted to the particular subject of the extending of the tax on the tax books, and that is the section which we would naturally look to for the manner in which the tax is to be extended. That section provides, that "according to the amount certified as aforesaid, the county clerk, when making out the tax books for State and county taxes for the collector, shall extend the necessary tax in a

separate column, against each tax-payer's name, or taxable property, as other taxes are extended." This section 119 requires that the tax shall be levied "on all the real and personal property in said town." In the town at what time? Manifestly, at the time, or at least in the year, the commissioners of highways meet to make the levy. The levy was here made in the year 1881, for that year,—the expenditures for that year. The assessment for 1880 would be upon property in the town on May 1, 1880, assessments being made with reference to property owned on that day. To levy the tax on the assessment of the previous year, 1880, would be levying it on the property which was in the town on May 1, 1880, instead of in the year 1881. Personal property is of a transitory nature, and more or less of such property in existence May 1, 1880, would necessarily have perished, or have been consumed or removed from the town, before the time of the levy of the tax in 1881. The general Revenue law provides for an annual assessment of property, and an extension of taxes on such assessment. The county clerk extends the taxes on the tax books upon the valuation of the assessor, as made in each year. The county clerks annually make out tax books for the collectors. The form of the book is prescribed by that law, what it shall contain, and, according thereto, it has upon it the valuation of the current year alone, and not of any former year, and the county clerk extends the taxes on the valuation of the current year contained in the tax book. The county clerk, by the Road and Bridge act, is directed to extend this road and bridge tax in the tax books, as other taxes are extended. To do this would seem to require the tax to be extended upon the assessment of the current year, other taxes being so extended,—and the tax book, made out as prescribed, does not contain the assessment of the previous year.

These considerations confirm the construction arrived at from the reading of the former acts upon the subject,—that

20—106 Ill.

it is the assessment of the current year, and not that of the previous year, upon which the tax is to be extended.

It is not unfrequent, in the interpretation of statutes and written instruments, that the plain, literal reading of language is departed from, where it is required to avoid an absurd consequence, or to carry out the manifest intention. (See *Perry County* v. *Jefferson County*, 94 Ill. 214; *People* v. *Hoffman*, 97 id. 234.) The legislative intention which we here find is not derived from speculation and conjecture, but from considering the clause in question in connection with the previous acts upon the same subject, with other provisions of the same act, and with the provisions of the Revenue law, upon which the tax is dependent for its collection, and of which, as a system, this act forms a part. This is a legitimate way of ascertaining the law-maker's intention.

Being of opinion that the taxes were rightly extended upon the assessment of the current year, the decree will be affirmed.

· *Decree affirmed.*