OTTO MILLER *et al.* Defendants in Error, *vs.* GUSTAVE ANDERSON, Plaintiff in Error.

*Opinion filed October 27, 1915.*

1. PRACTICE—*section 81 of the Practice act construed.* By the amendment in 1911 of section 81 of the Practice act it was intended to treat all three methods of preserving the record for review,—that is, by bill of exceptions, certificate of evidence and report of trial,—in very much the same manner, and that the practice under one method should not differ materially from the practice under another.

2. SAME—*section 81 of Practice act does away with necessity of formal exceptions.* Section 81 of the Practice act, as amended in 1911, does away with the necessity of incorporating formal exceptions into the record in order to preserve the rulings of the trial court for review, whether the evidence is preserved by a bill of exceptions, a certificate of evidence or a stenographic report of trial.

3. SAME—*stenographic report of trial must not contain judgment.* A stenographic report of trial is intended to cover practically the same ground as a bill of exceptions and must not contain the judgment, as the judgment is a part of the record proper and must appear therein.

WRIT OF ERROR to the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HOSEA M. WELLS, Judge, presiding.

FRANK C. RATHJE, and ADOLPH H. WESEMANN, (HORACE KENT TENNEY, CHARLES F. HARDING, ROGER SHERMAN, GEORGE T. ROGERS, and HARRY A. PARKIN, of counsel,) for plaintiff in error.

CHARLES A. WILLIAMS, (MELVILLE R. ADAMS, JACOB H. MARX, and BENJAMIN EPSTEIN, of counsel,) for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action brought in the municipal court of the city of Chicago by defendants in error against plaintiff in error to recover commissions on a sale of real estate, being "a first-class contract case," as that term is used in the Municipal Court act. Jury was waived and trial had before the judge, and a judgment was entered in favor of defendants in error for $1291.87 and costs. On appeal the judgment of the trial court was affirmed by the Appellate Court on the ground that there was no error in the record which was properly preserved for its consideration. The cause has been brought to this court on petition for *certiorari.*

The principal question for our consideration is whether the legislature, by an amendment to section 81 of the Practice act in 1911, (Hurd's Stat. 1913, p. 1871,) intended to

do away with the necessity of formal exceptions to rulings of the trial court and to render all such rulings subject to review without such exceptions, at the instance of the party adversely affected thereby.

The portion of said section 81 of the Practice act as amended, necessary to be construed, reads as follows: "If, during the progress of any trial in any civil or criminal cause, either party shall submit to the court any matter for a ruling thereon and the court shall rule adversely to the party submitting the same, such ruling shall be deemed a matter for review in any court to which the same cause may be thereafter taken upon appeal or by writ of error without formal exception thereto, and after judgment, at any time during the term of the court at which judgment was entered or within such time thereafter as shall, during such term, be fixed by the court, any party desiring to prosecute a writ of error to or appeal from any such judgment, may submit to the court a stenographic report of the trial containing the evidence and the rulings of the court upon all or any of the questions submitted to and ruled upon by the judge thereof, and he shall examine the same, and, if correct, officially certify to the correctness of such report, and the same shall thereupon be filed in said court and become a part of the record in said cause, and all matters and things contained in such stenographic report shall become as effectually a part of said record as if duly certified in a formal bill or bills of exception, or if, during the progress of any trial in any civil or criminal cause, either party shall allege an exception to the opinion of the court, and reduce the same to writing, it shall be the duty of the judge to allow said exception and sign the same, and the said exception shall thereupon become a part of the record of such cause. A bill of exceptions, certificate of evidence, or report of trial allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried or by the presiding

judge thereof, if more than one judge sat at the trial of the cause, without any seal of the court or judge annexed thereto.".

All of the first part of this section quoted, down to the portion beginning, "if, during the progress of any trial in any civil or criminal cause, either party shall allege an exception," etc., was added by said amendment of 1911. Section 81 was also amended in other particulars, especially by adding a new paragraph at the end, by which it was made possible to have a case reviewed on certain points without taking up a complete record upon following a certain procedure, the opposite party being entitled to notice and being privileged to have additional parts of the record included, and the Supreme or Appellate Court being authorized to require such further parts of the record certified as deemed necessary. We shall have occasion to refer to this paragraph later in this opinion.

Previous to the passage of the present Practice act, in 1907, we are aware of no provision in our statutes that refers in any way to making a "certificate of evidence" for the purpose of preserving evidence in any cause. Section 81 of said Practice act, as enacted in 1907, was a substantial re-enactment of the portion of the Practice act of 1872 as to bills of exceptions, with the added provisions as to the formality of signing or authenticating the bill of exceptions by the judge, and also how such bill of exceptions should be authenticated in case the judge who tried the cause was unable to do so on account of death, sickness or other disability, here inserting for the first time the same provisions with reference to the signing and authentication of a certificate of evidence. For the first time in the Practice act by the amendment of 1911 provision was made for the preservation of the record in the trial court for review in a higher court by a "stenographic report of the trial," although similar provisions had theretofore been

made by the legislature in 1905 in section 23 of the Municipal Court act.

Counsel in this case do not agree as to whether the evidence and rulings of the court have been preserved by a "bill of exceptions" or a "stenographic report of the trial." On the one side it is contended that, regardless of whether the document is called a bill of exceptions or a report of the trial, it is in sufficient conformity with the statute to raise the questions here in dispute, while counsel on the other side insist that it is not a "stenographic report of the trial" as provided for by statute, and that as a bill of exceptions it does not preserve for review the questioned rulings of the trial court. The specific contention is that the document does not preserve an exception to the entry of the judgment by the trial court, and that therefore the plaintiff in error cannot ask to have the judgment reversed on the ground that the evidence was insufficient to sustain the judgment.

Previous to the amendment of said section 81 in 1911 it had been held by this court in a long line of decisions that in the absence of an exception to the judgment, preserved by a bill of exceptions, in a case tried by the court, the sufficiency of the evidence to support the judgment could not be inquired into on appeal. (*Climax Tag Co.* v. *American Tag Co.* 234 Ill. 179, and cases cited.) Counsel for defendants in error concede that under section 81 as amended, if this document is a stenographic report, no exception need be preserved in the record to enable the finding of the court to be reviewed, but they insist that the document is a bill of exceptions, and that section 81 as now amended, read in connection with the rest of the Practice act, properly construed, did not do away with the necessity of taking formal exceptions to the adverse rulings of the trial court, while counsel for plaintiff in error insist that the legislature plainly intended to do away with the necessity of taking exceptions to the rulings of the trial court,

whether the proceedings be preserved for review by stenographic report of the trial or by bill of exceptions.

The preservation of records for review in the higher court by "bills of exceptions," "certificates of evidence," "reports of trial," "statements of fact," "case made" or "abstract" is of statutory origin, (*Haines* v. *Danderine Co.* 248 Ill. 259; 3 Cyc. 75; 3 Ency. of Pl. & Pr. 378;) al-, though in this State a certificate of evidence to preserve the evidence in chancery cases seems to have been incorporated into our practice without any special statute. (*Smith* .v. *Newland,* 40 Ill. 100; *Flaherty* v. *McCormick,* 123 id. 525.) As already stated, in Illinois the methods of preserving the proceedings of the trial court for review in the higher court are by bill of exceptions, certificate of evidence and stenographic report of the trial, and there is also provided by section 23 of the Municipal Court act a method of preserving the proceedings for review by a "statement of facts." This court has held that the term "bill of exceptions" was not appropriately used with reference to proceedings in equity, "for it is never proper to take exceptions to the rulings of the court in a chancery case, as it would be, under like circumstances, in a case at law." (*Flaherty* v. *McCormick, supra,* p. 533.) The term "bill of exceptions," however, has frequently been applied by this court in referring to a document used in equity proceedings to preserve evidence for review, and this, too, when no exceptions were required to be noted in such trials. (*White* v. *Morrison,* 11 Ill. 361; *Ferris* v. *McClure,* 40 id. 99; *McIntosh* v. *Saunders,* 68 id. 128.) The practice as to settling and signing certificates of evidence in chancery cases has always been the same in this State as in settling and signing bills of exceptions. (*People* v. *Williams,* 91 Ill. 87; *Conductors' Benefit Ass'n* v. *Leonard,* 166 id. 154, and cases cited.) Until the addition of the last paragraph of section 81 of the amendment of 1911, both bills of exceptions and certificates of evidence, if it

was sought to show that the judgment or decree was not supported by the evidence, must show in some way that they contained all the evidence. *Nason* v. *Letz,* 73 Ill. 371; *Seaverns* v. *Lischinski,* 181 id. 358; *Hutchinson* v. *Bambas,* 249 id. 624; *First Nat. Bank of Chicago* v. *Baker,* 161 id. 281.

Counsel for defendants in error earnestly argue that this is not a "stenographic report" because it does not clearly show that it contains all the evidence heard in the trial below. This conclusion does not necessarily follow, because the last paragraph of said section 81 of the Practice act provides that a *præcipe* record can be made up not only by a bill of exceptions but by certificate of evidence or by a report of the trial; that if the matters contained in said bill of exceptions, certificate of evidence or report of trial are all that is relevant or necessary for a consideration of the errors and cross-errors assigned in the court of appeal, "the record shall not be deemed defective or insufficient on account of a failure to have the same embraced as a part of such bill of exceptions, certificate of evidence or report of trial," but such omissions shall be indicated by notations within brackets.

Obviously, from a reading of said section 81 of the Practice act as amended in 1911, it was intended to treat all three methods of preserving the record,—that is, by bill of exceptions, certificate of evidence and report of trial,—very much in the same manner, and that the practice under one method should not differ materially from the practice in another. It will be noted that the method of authenticating and signing by the judge and the method of preserving the record in the absence of the judge who heard the trial are the same in all three. Then, too, especially important is the fact that so-called *præcipe* records, under the last paragraph of said section, can be preserved under any of the three methods. While the formal opening and closing of the three documents may be somewhat differ-

ent under the statute, substantially the same facts would
necessarily be required to be stated in all three of these
documents. The wording of the beginning and ending of
the ordinary bill of exceptions in the general common law
practice and the ordinary certificate of evidence in the gen-
eral chancery practice is very similar, practically the only
difference being in the name of the document. Of course,
if the bill of exceptions were to be made only in the form
as that document was originally understood, the distinction
between a formal bill of exceptions and the stenographic
report of the trial provided for in the statute would be
clear. Under the earlier practice, each exception taken dur-
ing the trial was written out and authenticated as a sepa-
rate instrument, called a special bill of exceptions. In some
jurisdictions this practice is still followed, but under the
modern practice in most jurisdictions all exceptions taken
on the trial of a case are generally included in one general
bill. (3 Ency. of Pl. & Pr. 385, and cases cited; 3 Cyc.
25, and cases cited.) This last mode, as is well known to
all lawyers and judges, has been the practice in this State.
The term "bill of exceptions" has frequently been under-
stood in practice, in this and other jurisdictions, to mean
the general document by which the record of the proceed-
ings of the trial court was preserved for review, without
regard to formal exceptions being taken as to each adverse
ruling of the trial court, the connection in which the term
is used showing plainly the meaning intended. Thus, in
section 38 of the Municipal Court act it is provided that
"whenever it appears in any bill of exceptions signed in
any case * * * determined in the municipal court, that
any erroneous ruling was made by said municipal court
against the objection of the party complaining thereof, but
that no formal exception was taken by such party thereto,
such erroneous ruling shall be subject to review upon ap-
peal or writ of error to the same extent and in like man-

ner as if it appeared that a formal exception had been taken," etc.

It is obvious from a reading of section 81 that the legislature intended to treat "bills of exceptions," "certificates of evidence" and "reports of trial" as meaning substantially the same thing. The last section of the sentence as amended reads: "Such bill of exceptions may be prepared by any competent reporter." Beyond question, the term "bill of exceptions" is used in that sentence as meaning either a bill, certificate or report. Moreover, the practice in this State has been quite general, as already stated, of applying the name "bill of exceptions" to the document used in a chancery cause to preserve the evidence even though exceptions were not required in such cause to preserve for review the rulings of the trial court.

Did the legislature, when it amended section 81 of the Practice act in 1911, intend that the provision inserted in the first part of that section, if "either party shall submit to the court any matter for a ruling thereon and the court shall rule adversely to the party submitting the same, such ruling shall be deemed a matter for review in any court to which the same cause may be thereafter taken * * * without formal exception thereto," should apply not only to a record kept by a "stenographic report" but also when the proceedings were preserved by a bill of exceptions? The intention of the law-makers is the law. Such intention is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to their real intent. To accomplish this the courts will consult the whole act and compare each of the various sections and provisions, and will not confine themselves, in ascertaining the real meaning, to the actual words employed but will look to former laws and statutory provisions. In seeking such intention, not only the language used by the legislature will be considered, but the evil to be remedied and the object to be obtained. (*Wa-*

*bash, St. Louis and Pacific Railway Co.* v. *Binkert,* 106
Ill. 298; *Hoyne* v. *Danisch,* 264 id. 467.) Beyond ques-
tion the legislature intended by the amendment to said sec-
tion 81 of the Practice act of 1911 to adopt a policy as
to dispensing with the necessity of exceptions to preserve
questions for review in courts generally, similar to that
which had been placed upon the statute books by the Mu-
nicipal Court act with reference to the practice in that
court. By sections 23 and 38 of the Municipal Court act
the legislature provided for preserving the record for re-
view both by stenographic report and by bills of excep-
tions, without the necessity of taking formal exceptions
to the rulings of the court. The amendment of said sec-
tion 81 of the general Practice act doing away with the
necessity of formal exceptions to the rulings of the trial
court was undoubtedly made for the purpose of simplify-
ing the practice and procedure in these matters. If, when
the proceedings of the trial court are preserved by bill of
exceptions, it is necessary to have a formal exception pre-
served by the record in order to have the rulings of the
trial court reviewed, then, instead of simplifying the prac-
tice, this amendment, by providing two methods where but
one had existed, would complicate it. An attorney would
have to decide at the beginning of the trial whether he
would preserve his record for review by bill of exceptions
or by a stenographic report and act accordingly as to the
saving of exceptions. Conceding section 81 to be some-
what awkwardly worded on this subject, yet when that
section is read in connection with the rest of the Practice
act, bearing in mind the object sought to be obtained by
this amendment and the history of the legislation on this
subject, we can reach no other conclusion than that the
legislature intended to do away with the necessity of in-
corporating in the record (whether it be in the form of a
stenographic report of the trial or a bill of exceptions) the

formal exceptions, in order to preserve for review the rulings of the trial court.

Counsel for defendants in error insist that as the formal judgment is not found in this document it cannot be held to be a stenographic report. We think it is clear from a fair construction of this statute that a stenographic report was intended to cover practically the same ground as a bill of exceptions. It has never been the province of a bill of exceptions to incorporate therein the final judgment. That is a part of the record proper and must appear therein. (*Cilley* v. *Hawkins,* 48 Ill. 308; *Hamlin* v. *Reynolds,* 22 id. 207; 2 Cyc. 1072; 3 Ency. of Pl. & Pr. 407.) In view of the conclusions already reached on the questions heretofore considered, it is of little practical importance to decide into which classification the document here in question falls, as the question of the sufficiency of the evidence can be raised in either event. We are disposed to think, however, that in view of the formal parts of the document it may be more properly styled a bill of exceptions than a stenographic report of the trial.

The Appellate Court's view that it could not consider the question whether the evidence was sufficient to support the judgment not being in accord with the conclusions reached herein, the judgment is reversed and the cause remanded to that court for consideration of the various errors assigned on this record and for further proceedings not in conflict with the views herein expressed. The clerk of this court is ordered to transmit the record to the Appellate Court for the First District in accordance with these directions.

*Reversed and remanded, with directions.*