## E. P. Rice, Appellee, v. Jake Goldstein and A. Becker, Appellants.

### Gen. No. 29,298.

1. APPEAL AND ERROR—*timeliness of filing bill of exceptions on appeal from municipal court.* A bill of exceptions filed within thirty days after judgment in the municipal court of Chicago brings up for review an order of the court in overruling defendants' motion to strike the statement of claim, though such filing was made more than thirty days after the motion was overruled.

2. NEGOTIABLE INSTRUMENTS—*enforceability against makers of unindorsed promissory notes payable to "ourselves."* Promissory notes signed by defendants payable "to the order of ourselves" but not indorsed are not complete and an action could not be maintained thereon.

Appeal by defendants from the Municipal Court of Chicago; the Hon. ASA G. ADAMS, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Reversed. Opinion filed October 20, 1924.

EDWARD E. CONTARSY, for appellants.

SAMUEL L. COHEN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff filed a statement of claim alleging that he was the owner of certain promissory notes for $100 each, made by defendants, which were past due. De-

fendants moved to strike the statement of claim, which motion was denied and they were ordered to file an affidavit of merits within five days. Not doing so, they were defaulted for want of an affidavit of merits, and on December 1, 1923, after overruling defendants' motion in arrest of judgment, the court entered judgment against them for $500, from which they appeal.

Defendants' motion to strike was overruled November 24, 1923, and the judgment was entered December 1, 1923. The bill of exceptions was filed December 27, 1923, within thirty days after judgment, but more than thirty days from the order of November 24 overruling the motion to strike. Plaintiff asserts that the action of the court in overruling his motion is not properly before us for review, on the ground that the bill of exceptions should have been filed within thirty days after the entry of that order. This is not required. The present practice is that all exceptions on the trial of a case are included in one general bill. Section 38 of the Municipal Court Act, Cahill's Ill. St. ch. 37, ¶ 426, provides that no formal exceptions need be taken after the ruling of the court, but that such rulings should be subject to review upon appeal or writ of error, "to the same extent and in like manner as if it appeared that a formal exception had been taken." *Miller v. Anderson,* 269 Ill. 608, disposes of this point.

The statement of claim alleged that the notes sued on were signed by the defendants, Jake Goldstein and A. Becker, wherein they promised to pay "to the order of ourselves," but the notes were not indorsed by them or by any one else. Defendants' motion to strike was upon the ground that as the notes were not indorsed by the makers, this action could not be maintained. We are of the opinion that this motion should have been sustained.

The Negotiable Instruments Act, ch. 98, ¶ 205, Cahill's Ill. St., provides that:

"Where a note is drawn to the maker's own order, it is not complete until indorsed by him."

The general rule is that:

"A bill or note made payable to the drawer or maker himself creates, of itself, no legal liability, the reason being that the *aggregatio mentium,* which is indispensable to the validity and creation of every contract, forbids the idea of an agreement made by a party with himself. Such paper cannot be treated as payable to the bearer, so as to pass the legal title in the first instance, by a mere delivery." 3 Ruling Case Law, p. 880, sec. 65. See also, *Yost v. Eckart,* 209 Ill. App. 30, and cases therein cited.

Plaintiff says that the notes should be treated as coming under subsection 4 of section 1 of the Negotiable Instruments Law, Cahill's Ill. St. ch. 98, ¶ 21, which provides that an instrument payable in money, to be negotiable "must be payable to the order of a specified person or to bearer," and that section 9, ¶ 29, provides that an instrument is payable to bearer when it is so expressed, or "payable to a person named therein or bearer," or (3) "when it is payable to the order of a person known by the drawer or maker to be fictitious or nonexistent or of a living person not intended to have any interest in it," or (4) "when the name of the payee does not purport to be the name of any person." These provisions are not applicable here.

The notes executed by defendants are payable to the order of "ourselves," meaning of course to the order of Jake Goldstein and A. Becker, the makers, and as clearly expressed this as if the names of the makers had been written as the payees. Unindorsed the notes were not complete and this action could not be maintained.

As the statement of claim showed the omission of a fact essential to plaintiff's right of recovery, the motion in arrest of judgment should have been allowed.

For the reasons above indicated the judgment is reversed.

*Reversed.*

MATCHETT and JOHNSTON, JJ., concur.