**E. A. Keith, Appellant, v. J. F. Arnold & Company, Pennsylvania Railroad Company, by way of Interpleader, Appellee.**

Gen. No. 8,282.

116

Opinion filed April 17, 1929.

HARRY J. BUXBAUM, for appellant.

NELSON W. HARTMAN, SAMUEL M. SCHOLFIELD and FORDYCE, HOLLIDAY & WHITE, for certain appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This case originated before a justice of the peace of Clark county and is an action in attachment brought by E. A. Keith, appellant, against the J. F. Arnold Company of Decatur, Indiana. In the affidavit for attachment it is averred that plaintiff is entitled to recover of said defendant the sum of $300 and that affiant has good reason to believe that said Arnold Company is about to remove its property from this state to the injury of the plaintiff. An appeal was taken from the judgment of the justice to the circuit court of said county. While the appeal was pending in the circuit court, the Pennsylvania Railroad Company filed its interplea in which it is alleged that the goods and chattels involved in the attachment were, when so attached, and still are, the property of said Railroad Company and not of the said Arnold Com-

pany. To this interplea a replication was filed by the appellant to the effect that at the time said goods and chattels were seized by virtue of the writ of attachment against said Arnold Company they were not and are not now the property of said Railroad Company but were and are the property of said Arnold Company. These pleadings present only the issue of a question of fact. When the case was called for trial in the circuit court, appellant demanded a trial by jury upon the question of fact presented by the pleadings. This demand was denied on the ground that only a question of law was involved and the case was heard by the court without a jury and judgment rendered in favor of the appellee Railroad Company, to reverse which this appeal is prosecuted.

Section 29, chapter 11, Smith-Hurd Stat. 1927, provides that in all cases of attachment, any person, other than the defendant claiming the property attached may interplead and the court shall immediately (unless good cause be shown by either party for a continuance) direct a jury to be empaneled to inquire into the right of property.

It appears from the evidence that the goods in question had been shipped by the Arnold Company at Decatur, Indiana, and billed to itself at Martinsville, Illinois. When the car reached Martinsville on the Pennsylvania Railroad, it was set out on a sidetrack and while in the possession of said Railroad Company and still sealed, a constable, acting by virtue of the writ of attachment, issued by the justice of the peace, demanded the goods and chattels from the Railroad Company and upon the latter's refusal to surrender possession thereof, he broke the seal of the car and took them therefrom, without delivering to the agent of the Railroad Company the bill of lading therefor. Section 24 of the Uniform Bills of Lading Act, Cahill's St. ch. 27, ¶ 25; chapter 27, Smith-Hurd Stat. 1927,

provides as follows: 24. If goods are delivered to a carrier, by the owner or by a person whose act in conveying the title to them to a purchaser for value in good faith would bind the owner and a negotiable bill is issued for them, they can not thereafter, while in the possession of the carrier, be attached by garnishment or otherwise, or be levied upon under an execution, unless the bill be first surrendered to the carrier or its negotiation enjoined. The carrier shall in no such case be compelled to deliver the actual possession of the goods until the bill is surrendered to him or impounded by the court.'' It is apparent that under these facts the constable had no lawful authority to take possession of the goods and appellant cannot recover under his attachment proceedings. However, the court had no right to anticipate what the evidence would be and take judicial notice thereof. The interplea and the replication thereto presented a pure question of fact only and appellant had a right to have that issue tried before a jury notwithstanding that under the undisputed evidence introduced a question of law might be evolved which would make it the duty of the court to instruct the jury to find the issues for the Railroad Company. Counsel cite the case of *Ray v. Keith,* 218 Ill. 182, as sustaining the action of the court. In that case a demurrer was filed to an amended replication to the interplea and overruled. The claimant abided by her demurrer, whereupon judgment was rendered against her. The court, in that case, held that as the Attachment Act, Cahill's St. ch. 11, provides that the practice and pleadings in attachment suits shall conform, as near as may be, to the practice and pleadings in other suits at law, when the claimant demurred to the amended replication she admitted the facts therein alleged, and upon the overruling of the demurrer she, having elected to abide by the same, submitted to the court the question of law whether or not the facts so admitted entitled her to a judgment

for the property, or whether it was, under those facts, subject to the attachment, and that, notwithstanding that the act requires the court upon the filing of the interplea to immediately direct a jury to be empaneled and inquire into the right of property, yet when the result of the pleadings is to submit to the court only a question of law, a jury is dispensed with. In the case before us the pleadings did not submit to the court any question of law but only one of fact; therefore it was irregular and improper for the trial court to arbitrarily dispense with the jury and determine the question of fact involved in the pleadings. Appellant had a constitutional right in the first instance to try all questions of fact before a jury notwithstanding that the evidence so introduced might show that he had no right to recover. To hold otherwise would invest a trial court with a discretion not authorized by law and would deprive a litigant of his constitutional right of a jury trial.

Counsel for appellee contends that the judgment should be affirmed because appellant did not abstract his motion for a new trial; the record has not been in other respects abstracted in proper form; that appellant's statement does not make reference to pertinent pages of the abstract; and that no seal has been attached to the certificate of the judge to the bill of exceptions. A motion for a new trial in a case tried by the court without a jury is neither required nor authorized by law. (*Climax Tag Co. v. American Tag Co.,* 234 Ill. 179.) And while a motion for a new trial was made in this case it was unnecessary and whether it was abstracted or not is immaterial. The certificate of the trial judge need not be under seal, and as to the other reasons for affirming the judgment, we consider them without merit.

The judgment of the circuit court is reversed and cause remanded.

*Reversed and remanded.*