Transcontinental Insurance Company, Appellant, v. David Rosenbloom, Appellee.

Gen. No. 36,685.

Heard in the third division . of this court for the first district at the April term, 1933. Opinion filed March 14, 1934.

ARTHUR W. KLEIN, for appellant.

AARON SOBLE, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment for the defendant entered in the circuit court of Cook county in an action in assumpsit filed by the plaintiff as subrogee and assignee of Mrs. Morris Ritholz against David Rosenbloom for breach of a contract of bailment. The case was tried by the court, without a jury.

No issue is made as to the sufficiency of the pleadings in this cause. An amended declaration was filed, which alleges in part that on May 1, 1931, the defendant was engaged in the jewelry business; that Mrs. Morris Ritholz was the owner of certain jewelry of the value of $6,415, which was delivered to the defendant to be cleaned and returned to her; that on May 2, 1931, the defendant failed and neglected to return any of the jewelry to Mrs. Morris Ritholz, whereby she sustained a loss of $6,415; that the plaintiff, for a consideration, had issued to Mrs. Morris Ritholz a policy of insurance, which was in effect on the date mentioned, and by the terms of which the plaintiff

insured Mrs. Morris Ritholz against loss; that by reason of the loss, plaintiff became liable under the terms of the policy of insurance, and on July 31, 1931, paid to Mrs. Morris Ritholz the sum of $6,415, the amount of the loss caused by the negligence and failure of the defendant; that Mrs. Morris Ritholz, upon payment of this sum to her by the plaintiff, executed a subrogation receipt and assignment of claim to the plaintiff of all her rights and demands against the defendant arising out of said loss, and thereby the plaintiff was subrogated to the rights, claims and demands of said Mrs. Morris Ritholz against the defendant.

The second count is substantially the same, except that there is no allegation of consideration to be paid to defendant for the cleaning of the jewelry. To the amended declaration is attached an affidavit of merits.

The issue in this case is made up of the declaration and the defendant's plea of the general issue, with notice of special defenses, which is to the effect that the relation of the defendant to Mrs. Morris Ritholz was that of a gratuitous bailee, and that without any fault of the defendant, larceny was committed upon the person of the defendant, whereby the jewelry was lost, and that the market value of the jewelry was far less than the amount claimed by the plaintiff.

There is evidence in the record that on May 1, 1931, Mrs. Morris Ritholz delivered to the defendant, a jeweler located at 3431 West Roosevelt Road, Chicago, Illinois, a diamond platinum bracelet, a solitaire diamond ring, and a dinner ring, for the purpose of having them cleaned. It also appears that the defendant is an uncle of Mrs. Ritholz' husband, and that he had previously sold the bracelet to her for $4,865.

On May 2, 1931, the defendant delivered the jewelry to Jewel Craft, Inc., located at 55 East Washington street, Chicago, to be cleaned and polished. The Jewel Craft, Inc., returned the jewelry in an envelope to the

defendant, and he obtained a second envelope containing a diamond ring which had been repaired for the defendant. Both of the envelopes were placed by the defendant in an inside pocket of his suit coat, at which time the defendant wore a topcoat. The defendant then proceeded to Feinstein & Company, located at Madison and Wabash avenue, where he received three watches. These he placed in the side pocket of his inside coat. From that place the defendant proceeded to Siegel & Co., located in the same building and obtained an unset diamond on memorandum, which was contained in a diamond paper, and the defendant placed the diamond package in the pocket with the Ritholz jewels, making three packages in his inside coat pocket.

From Madison and Wabash avenue, the defendant walked north on Wabash avenue to Lake street, and from Lake street to La Salle street and Wacker Drive, where he stopped at R. Cooper, Jr., Inc., to inquire about a refrigerator for his home. From there, in order to return to the defendant's jewelry store, he rode as a passenger on an elevated train, which he boarded at Wells and Randolph streets, rode on this train to Kedzie avenue, and from Kedzie avenue became a passenger on a street car and rode south to Roosevelt Road, transferred and boarded a street car on Roosevelt Road and rode two blocks to where his place of business was located.

The defendant arrived at his store about 2 o'clock p. m., and proceeded to remove the packages of jewelry from his pockets. All of the packages of jewelry were found in his pockets, with the exception of the Ritholz jewels. The defendant then retraced his steps and inquired at the several places where the packages of jewelry were delivered to the defendant after being cleaned and polished, if a package had been found, but without avail.

The plaintiff contends that the court erred in that
the finding of fact and the judgment entered for the
defendant were repugnant to finding of fact No. 2 and
the proposition of law No. 4, held by the court to be
the law. The finding of fact is as follows:

"2. The Court finds as a fact from the evidence
that Mrs. Morris Ritholz bailed or entrusted to the
defendant certain jewels to be cleaned by the defend-
ant and by him returned to said Mrs. Morris Ritholz
and that said jewels by the failure of the defendant to
take reasonable care of the same were not redelivered,
but were lost to said Mrs. Morris Ritholz and not paid
for by said defendant."

The proposition of law which the court held as ap-
plicable to this case is in these words:

"4. The Court holds as a proposition of law a gra-
tuitous bailee is bound to take reasonable care of prop-
erty entrusted to him to protect it from loss or dam-
age. As bailee the defendant is bound to exercise such
care and diligence in the preservation of the property
entrusted to him as every prudent man takes of his
own goods of like character and value."

It is apparent from the finding of fact by the court
in this case that Mrs. Morris Ritholz bailed certain
jewels to be cleaned by the defendant, and by him to
be returned to her, and that the jewels, by failure of
the defendant to take reasonable care of the same,
were not returned but were lost to Mrs. Ritholz, and
not paid for by the defendant, and applying the law
held to be such by the court, the defendant was a
gratuitous bailee and bound to take reasonable care
of property intrusted to him, so as to protect it from
loss or damage, and to exercise such care in the pres-
ervation of the property intrusted to the defendant
as every prudent man would take in the care of his
own property of like character and value.

The defendant has not expressed any views on the
finding of fact and the proposition of law adopted by

the court such as would justify the entry by the court of a judgment for the defendant.

The defense of loss by larceny, as alleged in the defendant's affidavit of merits, is not supported by any evidence.

The explanation by the defendant of the loss of the jewelry is that the several packages of jewelry were removed from the pockets of his coat, except the one containing the jewelry that disappeared, and the evidence supports the finding of fact that the defendant failed to use reasonable care to protect the jewelry, but notwithstanding such finding of fact by the court, the court entered judgment for the defendant, which was clearly antagonistic to the law adopted and the finding of fact. The finding relates to an ultimate fact which was a material issue in the case, and the court found, from the evidence, that by reason of the failure of the defendant to exercise reasonable care, the jewelry in question was lost to Mrs. Morris Ritholz. This was an important fact to be determined by the court, and under the finding of the court, judgment should have been rendered for the plaintiff.

The question of a gratuitous bailee is not of importance in view of the court's proposition of law, which we have set forth in this opinion and which is supported by the case of *Miles v. International Hotel Co.,* 289 Ill. 320.

It is also urged by the defendant that the amended declaration does not comply with sec. 18 of the Practice Act (Cahill's Ill. Rev. St. 1931, ch. 110, ¶ 18). The amended declaration is for recovery by the plaintiff of money paid to Mrs. Morris Ritholz for loss sustained by her and paid to her by the plaintiff under the terms of an insurance policy, and this action is for the collection of the money from the defendant. This right of action by Mrs. Ritholz was assigned to the plaintiff, and by such act the plaintiff was subrogated to whatever right Mrs. Ritholz had to recover for the

loss of the jewelry. The amended declaration is not obnoxious to the provision of section 18.

It is not necessary for the losing party to move for a new trial in a case tried by the court, nor is it necessary for the plaintiff at the close of the evidence to move that the court find the issues for the plaintiff. *Keith v. Arnold & Co.*, 254 Ill. App. 115; *Miller v. Anderson*, 269 Ill. 608; *Trout v. City of Herrin*, 245 Ill. App. 346.

The case will have to be retried and this court does not express an opinion on the facts other than is necessary to dispose of the case on appeal.

For the reasons indicated the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

HALL, P. J., and WILSON, J., concur.